## A. M. LOCKHART *v.* THE STATE.

1. THEFT — MARKS AND BRANDS. — This court has never held that no other evidence than the record of brands is competent to identify a stolen branded animal.

2. SAME — EVIDENCE. — If parol evidence of a recorded brand be not objected to when offered, a subsequent objection to it comes too late.

3. GOOD CHARACTER — CHARGE OF THE COURT. — Evidence of his general good character in that aspect which is impugned by the accusation is admissible for the accused, and is to be considered by the jury in determining his guilt or innocence; but to instruct the jury as to the consideration they should accord to such proof would be to charge upon the weight of evidence.

4. PRACTICE IN THIS COURT. — This court consistently declines to disturb a verdict and judgment unless they are clearly wrong.

APPEAL from the District Court of Navarro. Tried below before the Hon. D. M. PRENDERGAST.

The case is stated in the opinion.

*William Croft,* for the appellant.

*George McCormick,* Assistant Attorney General, for the State.

Ector, P. J. The defendant and one Abe Parish were jointly indicted for the theft of a beef-steer. The defendant alone was tried, and was convicted, and his punishment assessed at two years' confinement in the penitentiary.

We do not think the court erred in refusing to give the charges asked by defendant's counsel, which refusal is assigned as error. The charge of the court embraced every material point presented in the record. The facts in evidence did not warrant the first charge asked. The evidence shows that the animal stolen was identified by other evidence besides the mark and brand. The witness Haynie, the alleged owner of the beef-steer, testified that he found a beef-steer, belonging to him, in Wiley's pen, near Corsicana, in Navarro County, in January, 1876; that he knows all of his beef-cattle, and has but few; and that the beef-steer found in Wiley's butcher-pen was taken from his possession without his consent.

The evidence further shows that this beef-steer, with four other cattle, was driven to the pen of Wiley, a butcher in Navarro County, by defendant and Parish. The witness Smithey, the county inspector of hides and cattle, testifies that, about the time when the property in the indictment is alleged to have been stolen, he was called on to inspect five head of cattle in Wiley's pen, in the city of Corsicana; that one of them, a beef-steer, was in the recorded mark and brand of John W. Haynie, said steer being a four-year-old, branded H, and marked with a swallow-fork in one ear and an over-bit in the other. There was no objection made to this testimony when it was offered and admitted to prove the recorded mark and brand of Haynie in this way, without

introducing the record-book of marks and brands for Navarro County. Such an objection comes too late after this evidence has been admitted without objection.

It has never been held by this court, that simply because an animal was marked and branded, no other evidence could be introduced to identify it except the record of such brand. *Kelly* v. *The State*, 1 Texas Ct. App. 628; *Johnson* v. *The State*, 1 Texas Ct. App. 333.

The court had already substantially given the second and third instructions that were asked by the defendant. The charge which was asked as to the effect of proof of previous good character was properly refused. This instruction asked is as follows:

"The good character of defendant may be proved by one witness; and when good character of the defendant is proved, and not rebutted by competent testimony, it ought to have its weight with the jury in determining the case in favor of the defendant, when there is a reasonable doubt, arising from the evidence, as to the guilt of the defendant."

The defendant, in all criminal cases, may put in issue his general character in reference to the nature of the charge against him. When a criminal intention is of the essence of the offense charged, the accused may, as relevant to the question of his guilt or innocence, prove his general good character in that respect which is impugned by the accusation. The correct rule of evidence is laid down by this court, as to the introduction of such testimony, in the case of *Coffee* v. *The State*, 1 Texas Ct. App. 548. Such evidence is allowed, like all other evidence in the case, to be considered by the jury in determining the guilt or innocence of the accused. And a charge would be objectionable, as being a charge upon the weight of evidence, which goes further and instructs the jury as to the consideration or weight to be given to such evidence by them in considering their

verdict.    The refusal by the court to give such an instruction would not require a reversal of the judgment.

The most material question to consider in this case is, Did the court err in overruling the motion for new trial?    One of the grounds set out in the motion is : " Because the jury found contrary to the evidence, and the charges of the court."

We are not prepared to say that the court erred in refusing the new trial.    There is some real or apparent conflict in the testimony.    With the witnesses all before the judge and the jury, with full opportunities to determine their credibility and weigh their testimony, the jury gave credit to the testimony which tended to show the defendant's guilty connection with Parish in the commission of the offense which is charged in the indictment.    The judge who presided at the trial refused to disturb the verdict of the jury.

Under this state of facts, we cannot undertake to say that the verdict is not supported by the evidence.    We are satisfied that the judgment cannot be reversed in this case without violating one of the soundest and most wholesome rules which this court has heretofore followed in its decisions ; and that is, not to disturb the verdict and judgment, in any case, unless satisfied they are clearly and manifestly wrong.

For these reasons the judgment of the District Court is affirmed.

*Affirmed.*